IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**RUBEN RODRIGUEZ**,

    **Petitioner,**

v.                                                                            Case No.: 5:17-cv-01323

**D.L. YOUNG, Warden,**
**FCI Beckley,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Ruben Rodriguez's (hereinafter "Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1), and Respondent's Response to Show Cause Order seeking dismissal of the petition, (ECF No. 12). This case is assigned to the Honorable Irene C. Berger, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Petitioner's Petition for a Writ of Habeas Corpus, **GRANT** Respondent's request for dismissal, and **DISMISS** this action, with prejudice, and remove it from the docket of the Court.

**I.**    **Relevant Facts**

On February 23, 2011, Petitioner was convicted and sentenced in the United States District Court for the Eastern District of Pennsylvania (the "sentencing court") after

1

pleading guilty to attempted possession with intent to distribute cocaine. *United States v. Rodriguez*, Case No. 2:09-cr-00695-PBT (E.D. Pa. Feb. 23, 2011), ECF Nos. 36, 71. Petitioner contends that he was sentenced more severely as a career offender under the United States Sentencing Guidelines ("the Guidelines") based, at least in part, upon his prior drug convictions under Pennsylvania state law. (ECF No. 1 at 6). Under the relevant Guidelines, a defendant convicted of a controlled substance or crime of violence offense could receive an increased sentence as a career offender if he had two prior felony convictions for a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1 (2010).

Petitioner filed a direct appeal with the United States Court of Appeals for the Third Circuit ("Third Circuit"), which affirmed his conviction and sentence on June 26, 2012. *Rodriguez*, Case No. 2:09-cr-00695-PBT, ECF No. 41. Petitioner then filed an unsuccessful motion pursuant to 28 U.S.C. § 2255 in the sentencing court. *Id.* at ECF Nos. 42, 46, 52. On February 16, 2017, while incarcerated in this judicial district, Petitioner filed the instant petition under § 2241. (ECF No. 1).[1] Petitioner states that he is "actually innocent" of being a career offender because his predicate drug convictions were misdemeanors, not felonies, as required by U.S.S.G. § 4B1.1. (ECF No. 1 at 6). He further states that he received ineffective assistance of counsel because his attorney failed to timely object to the sentencing court's utilization of misdemeanor convictions to erroneously sentence Petitioner as a career offender. (*Id.*).

---

[1] Pursuant to the "prison mailbox rule," the undersigned applies the date on the petition, (ECF No. 1 at 8), as opposed to the date that the clerk of court received the filing. *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) ("pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'") (citing *Houston v. Lack*, 487 U.S. 266, 266, 108 S. Ct. 2379, 2380, 101 L. Ed. 2d 245 (1988)).

In response to a show cause order, Respondent argues that this petition, involving the imposition rather than the execution of Petitioner's sentence, is appropriately construed as a motion under § 2255; however, Respondent asserts that Petitioner is procedurally barred from filing a § 2255 motion due to the statute of limitations and the fact that Petitioner does not have permission to file a second or successive § 2255 motion. (ECF No. 12 at 2-3). Furthermore, Respondent contends that Petitioner does not establish that the remedy under § 2255 is inadequate or ineffective to challenge the legality of his conviction or sentence. (*Id.* at 3-4). Finally, Respondent argues that the petition is without merit and should be dismissed. (*Id.* at 5-6).

## II. Discussion

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing postconviction relief." *Boysaw v. United States,* No. 5:09-cv-01484, 2011 WL 2634882 at *2 (S.D.W. Va. Jul. 5, 2011). Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal judgment or sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). In contrast, § 2241 is used to attack the computation or execution of a sentence. *See United States v. Little,* 392 F.3d 671, 678-79 (4th Cir. 2004). A § 2241 petition typically addresses issues "such as parole matters, computation of [a prisoner's] sentence by prison officials, prison disciplinary actions, and prison transfers;" but does not challenge the validity of the underlying sentence. *Manigault v. Lamanna,* No. 8:06–047-JFA-BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006). As such, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255, and these devices are not interchangeable. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a

3

federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241.).

The "savings clause," found at 28 U.S.C. § 2255(e), occasionally allows a § 2241 petition to substitute for a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, n. 5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W. Va. 2001). Rather, the savings clause creates a narrow exception, which allows a § 2255 claim to be brought under § 2241 when the claim contains all three of the following characteristics: (1) at the time of the petitioner's conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which petitioner was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective, and he does so only by satisfying the *Jones* criteria. *See Hood v. United States*, 13 Fed. Appx 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 Fed. Appx. 268 (4th Cir. 2014).

In the instant action, Petitioner challenges the validity of his federal sentence by asserting that he was improperly considered a career offender under the Guidelines. Thus,

4

his claims must be brought pursuant to 28 U.S.C. § 2255, unless he can show under the savings clause that § 2255 is inadequate or ineffective. Petitioner makes no such showing. Indeed, he cites no substantive change in the law rendering non-criminal the conduct for which he was convicted. Furthermore, to date, "Fourth Circuit precedent has ... not extended the reach of the savings clause to those petitioners challenging only their sentence."[2] *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 333-34); *see also Farrow v. Revell*, 541 Fed. Appx 327, 328 (4th Cir. 2013) (citing *Poole* and holding that challenge to armed career criminal status is not cognizable in a § 2241 petition); *Darden v. Stephens*, 426 Fed. Appx 173, 174 (4th Cir. 2011) (declining to extend savings clause to sentencing challenges); *Hayes*, 2014 WL 670850, at *8 (finding that "sentencing issues cannot be presented in § 2241 petitions"), *aff'd*, 573 Fed. Appx 268 (4th Cir. 2014). Petitioner cannot satisfy the *Jones* criteria; accordingly, his claims are not cognizable under § 2241.

As Petitioner's claims are not properly brought under § 2241, the petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Regardless of which option the Court selects, the Petitioner's claim is at an end in this jurisdiction. If the Court chooses to dismiss Petitioner's action, then he will be required to pursue his claim in the sentencing court. Unlike § 2241 petitions,

---

[2] In *United States v. Surratt*, 797 F.3d 240, 246 (4th Cir. 2015), the petitioner filed a § 2241 petition wherein he sought to set aside a sentencing enhancement under 21 U.S.C. § 841(b)(1)(A). The district court found that the petitioner could not obtain relief under § 2241 because he challenged only his sentence, not the conduct underlying his criminal conviction. *Surratt*, 797 F.3d at 246. In affirming the district court's decision, the Fourth Circuit explained that the petitioner was unable to meet the criteria set forth in *Jones* because he was "not innocent of anything," and he admitted to the conduct underlying the offense for which he was convicted. *Id.* at 248. However, the Court left open the possibility that a petitioner may "bring a § 2241 petition claiming that the district court unlawfully sentenced him to a term of imprisonment exceeding the statutory maximum." *Id.* at 269. On December 2, 2015, the Fourth Circuit granted a petition for rehearing en banc in *Surratt*. Thereafter, President Obama commuted Surratt's sentence. As a result, the appeal was dismissed by the Fourth Circuit, as moot, on April 21, 2017. *United States v. Surratt,* 855 F.3d 218 (2017).

which are brought in the district in which the petitioner is incarcerated, *see Poole*, 531 F.3d at 264, § 2255 directs the petitioner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). If the Court chooses to construe the action as a § 2255 motion, then the matter will have to be transferred, as this Court lacks jurisdiction to hear it.[3]

Nevertheless, there seems to be no purpose in construing Petitioner's action as a § 2255 motion; particularly, when considering that he already filed a § 2255 motion in the sentencing court, which was denied. Moreover, Petitioner's apparent lack of a certificate from the Third Circuit to file a successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), removes any benefit to be gained from a transfer to the sentencing court. *Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *Currence v. Cauley*, 1:11-0088, 2013 WL 5658345, at *3 (S.D.W. Va. Oct. 15, 2013); *Ellis v. Berkebile*, No. 5:10-cv-00191, 2011 WL 2680724, at *4 (S.D.W. Va. July 8, 2011); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

Finally, the Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Third Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

---

[3] Before recharacterizing a petitioner's § 2241 petition as his or her *first* § 2255 motion, a district court must warn the petitioner about the consequences of the recharacterization and allow the petitioner to either object to the recharacterization or withdraw or amend the petition. *See Camarillo-Chagoya v. Hogsten*, 553 Fed. Appx 341, 342 (4th Cir. 2014) (citing *Castro v. United States*, 540 U.S. 375, 384 (2003)). Because Petitioner has previously filed a § 2255 motion in the sentencing court, that warning procedure is not required in this case. *See Castro*, 540 U.S. at 383.

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

28 U.S.C. § 1631. The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). Instead, district courts retain discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Id.* Thus, in the Fourth Circuit, a district court may dismiss, rather than transfer, a petition that is frivolous or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous)).

For a court of appeals to grant a petitioner's request to file a successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. Here, "tak[ing] a peek at the merits" of the petition, Petitioner has not set forth any potentially meritorious claim under either prong of § 2255(h). *Phillips*, 173 F.3d at 610. Petitioner does not set forth any

7

newly discovered evidence or a new rule of constitutional law, made retroactive to cases on collateral review that applies to him. Because the petition does not allege a potentially meritorious claim, transfer to the Third Circuit is not "in the interest of justice."

Turning to the timeliness of this action, under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Reviewing the petition, the undersigned finds no claimed impediment, or statement of fact or law, that would trigger a date described in subsection 2, 3 or 4 of § 2255(f). The Third Circuit affirmed Petitioner's conviction and sentence on June 26, 2012, but Petitioner did not file the instant petition until February 16, 2017. Thus, the petition was clearly filed after expiration of the one-year limitation period. As noted by Respondent, actual innocence can excuse a procedural bar or statute of limitations. (ECF No. 12 at 6). However, Petitioner does not assert that he is actually innocent of the crime of which he was convicted or actually innocent of his predicate crimes. Rather, he states that he is "actually innocent" of being a career offender because his prior crimes were misdemeanor crimes, which do not qualify as predicate crimes under the career offender provision of the Guidelines. Thus, Petitioner is challenging the

Court's application of the Guidelines and the legal classification of his predicate crimes. Therefore, the actual innocence exception to the AEDPA time bar is unavailable to him. *See United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) ("Under the reasoning of *Maybeck,* actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."). The untimeliness of the petition provides an additional reason as to why transfer to the Third Circuit is not "in the interest of justice."

Therefore, for the foregoing reasons, the undersigned **FINDS** that Petitioner's petition for a writ of habeas corpus under § 2241 is properly construed as a motion to vacate sentence under § 2255. This Court lacks jurisdiction to hear Petitioner's § 2255 motion, and transfer of the motion to the sentencing court or to the Third Circuit is not in the interests of justice.

### III. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DENIED;** Respondent's request for dismissal of the Petition, (ECF No. 12), be **GRANTED**, and this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall

have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Berger, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondent, and counsel of record.

**FILED:**  December 21, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge