**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

RUBEN RODRIGUEZ,

                              Petitioner,

v.                                              CIVIL ACTION NO.  5:17-cv-01323

D. L. YOUNG,

                              Respondent.


**MEMORANDUM OPINION AND ORDER**


The Court has reviewed the Petitioner's February 21, 2017 *Application Under 28 U.S.C. §*
*2241 for Writ of Habeas Corpus by a Person in State or Federal Custody* (Document 1), brought
on the grounds, *inter alia*, that he was improperly sentenced as a career offender.

By *Standing Order* (Document 4) entered on February 22, 2017, this action was referred
to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of
proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.  On
December 21, 2017, the Magistrate Judge submitted a *Proposed Findings and Recommendation*
(PF&R) (Document 15), wherein it is recommended that this Court deny the Petition, grant the
Respondent's request for dismissal of the Petition, and dismiss this action.  Objections to the
Magistrate Judge's PF&R were due by January 8, 2018.  The Petitioner filed timely *Objections*
(Document 16) on January 2, 2018, and supplemented his objections with additional filings on
February 20, 2018 (Document 18) and April 2, 2018 (Document 20).

## FACTUAL AND PROCEDURAL BACKGROUND

In 2011, the Petitioner, Ruben Rodriguez, was sentenced in the United States District Court for the Eastern District of Pennsylvania following a guilty plea for attempted possession with intent to distribute 500 grams or more of cocaine. The United States filed a motion pursuant to 21 U.S.C. § 851, asserting that he had prior felony drug offenses, which increased the potential penalties. He was sentenced to two hundred sixty-two (262) months of imprisonment. He appealed his conviction and sentence to the Third Circuit, which affirmed the district court's judgment. The Petitioner then filed a motion pursuant to 28 U.S.C. § 2255, which was denied by the district court and by the Third Circuit on appeal. He filed this motion pursuant to 28 U.S.C. § 2241 while incarcerated within this judicial district.

The Petitioner asserts that he was erroneously sentenced as a career offender based on predicate drug convictions that were misdemeanors, rather than felonies. He further argues that his attorney was ineffective because he failed to object to the use of the predicate convictions to support application of the career offender guideline.

## STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and

2

recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R *de novo*, the Court will consider the fact that the Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## DISCUSSION

The Magistrate Judge found that the Petitioner could not challenge the validity of his federal sentence in a 28 U.S.C. § 2241 petition. She explained that sentencing challenges must be brought in a 28 U.S.C. § 2255 petition, unless a petitioner can show that § 2255 is inadequate or ineffective. Because the Petitioner has filed a previous § 2255 petition and has not asserted that his Petition is based on either newly discovered evidence or a new, retroactive rule of constitutional law, she found that transfer to the Third Circuit to consider whether he could be permitted to bring his claims in a successive § 2255 petition would be futile.

The Petitioner asks that the Court grant him relief by vacating his sentence and requests that the Court construe his petition as a motion for pre-filing authorization and refer it to the Third Circuit Court of Appeals. He argues that courts "are authorized to issue a writ of habeas corpus in any case where the party was imprisoned or held in custody for act(s) done by or under authority of laws of the United States." (Obj., at 3) (Document 18.) The Petitioner then asserts that use of his prior misdemeanor[1] convictions as career offender predicates renders his sentence unconstitutional. He contends that his petition presents a claim of actual innocence because he

---

[1] The Petitioner indicates that his sentences for the challenged predicate offenses were 6-23 months and 11-23 months, respectively, which would appear to indicate the offenses are properly classified as felonies. He also attached a Court Summary from the First Judicial District of Pennsylvania (Document 18-1), which includes three convictions for manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance.

was not convicted of the predicate felony offenses.  Finally, he asserts a claim of ineffective assistance of counsel based on his attorney's failure to argue that his prior convictions were misdemeanors that could not support a career offender enhancement.

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention.  28 U.S.C. § 2255.  However, Section 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under Section 2241 where Section 2255 is "inadequate or ineffective to test the legality" of the detention.  28 U.S.C. § 2255; *see also United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008).  The fact that relief under Section 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention.  *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).  In the Fourth Circuit, a Section 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269, quoting *In re Jones*, 226 F.3d at 333-34.

After the Magistrate Judge had issued her PF&R in this case, the Fourth Circuit issued a decision applying the *Jones* criteria to certain sentencing errors.  The court explained:

> we conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this

4

> retroactive change, the sentence now presents an error sufficiently
> grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

The Petitioner's claims fail to meet these criteria. Leaving aside any questions as to whether misapplication of the advisory guidelines impacts on the legality of a sentence, Mr. Rodriguez claims that his predicate offenses were misdemeanors. At the time he was sentenced, misdemeanor convictions did not qualify as predicate offenses for the purposes of 21 U.S.C. § 851 or Section 4B1.1 of the United States Sentencing Guidelines. The Petitioner's claim is not based on any change in the law subsequent to his conviction, but instead asserts a sentencing error that was not adequately explored at the time of his sentencing, and was left uncorrected in his direct appeal and initial § 2255 petition. Thus, his claims cannot be pursued in a § 2241 petition via the savings clause.

The Petitioner requests transfer to the Third Circuit to consider his Petition as a motion for permission to bring a second or successive § 2255 motion. A request for leave to file a successive §2255 motion must assert either newly discovered evidence that the movant is not guilty or a new rule of constitutional law. 28 U.S.C. §2255(h). Mr. Rodriguez's Petition involves neither. Accordingly, the Court denies the request to transfer this matter to the Third Circuit, finding that it would be futile to do so.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 15) be **ADOPTED** and incorporated herein, and that the Petitioner's objections (Documents 16, 18, and 20) be **OVERRULED**. The Court **ORDERS** that the United States' *Response to Order to Show Cause*

(Document 12) be **GRANTED** to the extent it contains a motion to dismiss.  The Court **ORDERS** that the Petitioner's *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody* (Document 1) be **DENIED**.  Finally, the Court **ORDERS** that the *Petitioner's Motion for Order of Respondent's to Show Cause* (Document 23) be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Honorable Cheryl A. Eifert, to counsel of record, and to any unrepresented party.

ENTER:        June 28, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

6